Dominick Giganti et al., Appellees, v. Central Republic Bank and Trust Company et al., Defendants.
Appeal of William L. O'Connell, Receiver of Chicago Bank of Commerce, Appellant.

Gen. No. 38,718.

Opinion filed January 27, 1937.   Rehearing denied February 16, 1937.

SCHUYLER, WEINFELD & HENNESSY, of Chicago, for appellant; HENRY E. JACOBS and PAUL B. EDELSTEIN, both of Chicago, of counsel.

FRANCIS E. CASH, of Chicago, for appellees.

MR. JUSTICE HALL delivered the opinion of the court.
Dominick Giganti, individually and as administrator of the estate of Frank Montelbano, deceased, Maria Rosa Giganti and Joseph Barbera, brought suit in the superior court of Cook county, against the defendants upon a check dated March 7, 1930, issued by the Public Service Company of Northern Illinois, against the Central Trust Company, for the sum of $1,500, payable to the order of Joseph Barbera, Maria Rosa

Giganti, Dominick Giganti and R. R. Covello, "Attorney." The complaint filed in the cause charges that R. R. Covello, one of the payees of the check, forged, or caused the names of the other payees of the check to be forged, thereon, as indorsees, signed his own name thereon, as indorsee, deposited the check in the Guardian National Bank, and that the check was paid by the Central Trust Company to the Guardian National Bank in the ordinary course of business. Here it is pertinent to note that William L. O'Connell, receiver of the Chicago Bank of Commerce, one of the defendants and sole appellant here, concedes the above allegations to be true, and concedes that the Guardian National Bank received the proceeds of this check. Plaintiffs further allege that subsequent to March 7, 1930, the Guardian National Bank was consolidated with the Union Bank of Chicago, and that the Union Bank of Chicago was subsequently consolidated with the Chicago Bank of Commerce; that the last mentioned bank was, on June 25, 1932, closed by the auditor of public accounts of the State of Illinois, and that a receiver was appointed for the Chicago Bank of Commerce. After a hearing, and on June 14, 1935, judgment for the sum of $1,922.25 was entered against William L. O'Connell, as receiver of the Chicago Bank of Commerce. The court found, and the judgment order recites that the Chicago Bank of Commerce became the successor by consolidation with the Union Bank of Chicago, and that the Union Bank of Chicago became successor by consolidation with the Guardian National Bank. The appeal here is from that judgment.

It is admitted, as found in the order, that on March 22, 1930, the Guardian National Bank of Chicago became consolidated with the Union Bank of Chicago, and conveyed certain of its assets to that bank, as alleged in the complaint; that on Septem-

ber 28, 1931, the Union Bank of Chicago became consolidated with the Chicago Bank of Commerce, and conveyed certain of its assets to that bank, and that, if there is any right of recovery, the judgment, according to its terms, was properly entered by the court. The appealing defendant insists, however, that the action should not and could not have been properly brought against the receiver of the Chicago Bank of Commerce without the consent of the court which appointed him, that the court admitted improper evidence as to the character of the mergers between the Guardian National Bank of Chicago, the Union Bank of Chicago and the Chicago Bank of Commerce; that because of the character of these various mergers there was no assumption of this claim by the Chicago Bank of Commerce, and that, therefore, the judgment should be reversed.

As to the contention that the suit could not be brought against the receiver without leave of the court which appointed such receiver, we call attention to the fact that the defendant O'Connell, receiver, was not appointed by the court. He was appointed under the power contained in par. 11, sec. 11, ch. 16a, Illinois State Bar Stats. 1935; Jones Ill. Stats. Ann. 10.11, which provides:

"If the Auditor determines that the bank cannot be reorganized, and that the same should be liquidated through receivership, he shall appoint a receiver, and require of him such bond and security as he deems proper. Such receiver, under the direction of the Auditor, shall take possession of, and for the purpose of the receivership, the title to, the books, records and assets of every description of such bank, . . ." In a document filed by counsel for O'Connell, receiver, in the superior court in this case, it is recited that "Edward J. Barrett, Auditor of Public Accounts of the State of Illinois, did appoint William L. O'Connell as

receiver of said Chicago Bank of Commerce on August 31st, 1934.''

In *People v. Shurtleff*, 353 Ill. 248, it is held that:

''There is no statute in Illinois which confers jurisdiction on a court of equity to appoint a receiver for a banking corporation or to decree its dissolution on the application of its stockholders or creditors.'' See also *People ex rel. Barrett v. West Side Trust & Savings Bank*, 280 Ill. App. 308.

We are of the opinion that the consent of the court was not required to enable plaintiff to sue this receiver.

As to the point that by the articles of agreement made between these various banks by which the consolidation or mergers took place, this action cannot be maintained, the record shows the following: By an agreement entered into between the Guardian National Bank of Chicago and the Union Bank of Chicago, it is provided that:

''The Union [meaning the Union Bank of Chicago] is desirous of acquiring the business, good will and certain assets of the Guardian and of consolidating said business and assets with the business and certain assets of the Union under a plan of reorganization and upon the terms and conditions hereinafter set forth, to which the parties hereto have respectively agreed.''

In this agreement, it is recited that the Guardian National Bank sold, assigned, transferred and conveyed to the Union Bank of Chicago certain assets and properties of the Guardian National Bank to be selected by the latter, and to have a value of $600,000 in excess of certain liabilities assumed by the Union Bank, and that the Union Bank, in consideration of the assignment to it of the assets of the Guardian National Bank, agreed as follows:

''To cause the capital stock of the Union to be increased by authority of its board of directors and its

stockholders, according to law, from 10,000 shares with a par value of $100 per share to 13,000 shares with a par value of $100 per share and to deliver 3,000 shares of its capital stock to the stockholders of the Guardian pro rata their respective holdings of the Guardian's stock as the same appear of record on the transfer books of the Guardian at the close of business on the closing date, hereinafter defined.

*"To assume and agree to pay the liabilities of the Guardian to its depositors as shown by its books of account as of the close of business on the closing date, hereinafter defined, including individual deposits, bank deposits,* cashiers' checks, certified checks, demand certificates of deposit, savings deposits, Christmas savings deposits, time certificates of deposit and deposits for bonds purchased on contract, and all liabilities of the Guardian to the payees, endorsees and/or holders of notes or bills payable, letters of credit or other evidences of indebtedness issued by the Guardian and outstanding at the close of business on said closing date as shown by the Guardian's said books of account, plus all interest, if any, accrued upon said liabilities to and including said closing date. It is understood and agreed however, that the Union shall assume only such liabilities of the Guardian as are herein specifically set forth and assume no other liabilities of the Guardian whatsoever." (Italics ours.)

As to the relationship created between the Union Bank of Chicago and the Chicago Bank of Commerce, and the obligations assumed by the latter bank, the abstract filed by the defendant, receiver, contains the following recitation:

"Indenture dated September 28, 1931, between Union Bank of Chicago (called the 'Seller') and Chicago Bank of Commerce (called the 'Purchaser'). Seller agrees to sell, convey, transfer, assign, endorse and set over to Purchaser all of its assets, except

specified exceptions, and sets out certain regulations and procedure to be used in the conveyance of its assets to the Purchaser. Provides that Purchaser does not take over, and the agreement does not release the stockholders of Seller from their contingent stockholders liability except as to Purchaser. *Purchaser agrees to assume and pay all liabilities, as shown by the records of Seller, except Seller's liabilities to its stockholders."* (Italics ours.)

As stated, it is alleged in the bill of complaint and admitted that this check was deposited with the Guardian National Bank, and that this bank collected the amount of the check. In so far as the record indicates, it had the money, paid on this check, in its possession at the time it consolidated with the Union Bank of Chicago.

In 7 Corpus Juris, under the heading Banks and Banking, page 635, it is said:

"Where checks or drafts are indorsed and deposited and are accepted as cash they become the property of the bank, and the bank becomes a debtor of the depositor in the amount of such check."

We are of the opinion that the legal beneficiaries of this check were "depositors" under the terms of the contracts entered into between the various banks, and that by the terms of such agreements, a liability was created on the part of the merged banks to pay the amount of the check to the plaintiffs. Counsel on each side have cited a great number of authorities, but none of them is in point. The right of action of plaintiffs here is fixed and determined by the contract between the Guardian National Bank and the Union Bank of Chicago.

It has been suggested of record in this court, that William L. O'Connell, receiver, died on July 24, 1936. The record and briefs in this cause were filed and the cause was at issue in this court, and was taken by the

court on April 15, 1936. It is the order of the court that, under the authority of *Citizens Securities & Investment Co. v. Dennis*, 236 Ill. App. 307, and the authorities there cited, an order be entered here *nunc pro tunc*, as of April 16, 1936, affirming the judgment of the superior court of Cook county.

*Affirmed.*

DENIS E. SULLIVAN, P. J., and HEBEL, J., concur.